Jared M. Katz, State Bar No. 173388
jkatz@mullenlaw.com
MULLEN & HENZELL L.L.P.
112 East Victoria Street
Santa Barbara, CA  93101-2019
Telephone:   (805) 966-1501
Facsimile:   (805) 966-9204

Attorneys for Plaintiffs
Lee McPherson; Canndescent JV, LLC now known as
Can JV, LLC; and MSLTD, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE MCPHERSON; CANNDESCENT JV, LLC now known as CANJV, LLC; and MSLTD, LLC<br><br>Plaintiffs,<br><br>v.<br><br>FIORE MANAGEMENT, LLC formerly known as CANNDESCENT, LLC; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>PLAINTIFFS COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT;<br>2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;<br>3. ACCOUNTING; AND<br>4. DECLARATORY RELIEF<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Lee McPherson, Canndescent JV, LLC now known as CanJV, LLC, and MSLTD, LLC (together, "Plaintiffs"), hereby allege as follows:

## **INTRODUCTION**

1.   This is an action between citizens of diverse states to enforce a written contract.  The contract, entered into in settlement of an underlying lawsuit, obligates Defendant Fiore Management, LLC ("Fiore") to make certain monetary payments to each one of the three Plaintiffs in exchange for purchasing Plaintiffs' respective shares/ownership interests in Fiore.

2. But the deadline to make the outstanding payments owed under the Contract has passed, and Fiore has no defense for its failure to pay.

3. Fiore owes the Plaintiffs together in excess of $3,657,000.00, with additional interest accruing on a daily basis.

4. This is a fixed, liquidated debt incurred under an arm's length, commercial contract.

## JURISDICTION AND VENUE

5. The court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332, because there is complete diversity of citizenship between the Plaintiffs and Defendants, and the amount at issue exceeds $75,000.

6. This court has venue over this matter pursuant to 28 U.S.C. Section 1391, because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district, and because Defendant Fiore resides in this district.

## THE PARTIES

7. Plaintiff Lee McPherson ("McPherson') is a resident and citizen of Texas.

8. Plaintiff Canndescent JV, LLC now known as CanJV, LLC ("CanJV") is a Texas limited liability company with its principal place of business in Texas.

9. Plaintiff MSLTD, LLC ("MSLTD") is a Louisiana limited liability company with its principal place of business in Louisiana.

10. Defendant Fiore Management, LLC aka Canndescent ("Fiore") is a California limited liability company with its principal place of business in California.

11. Upon information and belief, Defendants Does 1 through 10 are persons whose names or positions are not presently known to Plaintiffs but whose involvement in the lawsuit may prove warranted upon further investigation and discovery.

## BACKGROUND

12. On approximately January 19, 2019, Plaintiffs, on the one hand, and Fiore, on the other hand, entered into a written contract, entitled Settlement

Agreement and Release (the "Contract"). The Contract is not attached as an exhibit to the Complaint because it contains a confidentiality clause in Paragraph 14; the Contract is in the possession of Fiore. The Contract was amended by written stipulation that was approved by state court order (the stipulation and court order are in the possession of Fiore).

13. Under the Contract, Fiore was obligated to make certain payments to each one of the Plaintiffs, as set forth in Paragraph 3 of the Contract. The deadlines in which Fiore was to make the required payments began to run on or about January 19, 2019 (the "Trigger Date").

14. Under paragraph 3.A.ii. of the Contract, Fiore was obligated to pay $39,350.00 to McPherson within 120 days of the Trigger Date. Fiore did not make this payment. Fiore contends it withheld payment pursuant to its offset rights set forth in Paragraph 10 of the Contract. But Fiore has failed to render an accounting showing how it applied the funds to offset monies owed to it.

15. Under Paragraph 3.B., subparts i., ii., and iii. of the Contract, Fiore was obligated to make the following payments to Plaintiffs, by no later than January 19, 2021, which Fiore has failed to make:

    a. An installment payment of $1,980,960.00 to CanJV, plus interest accrued of approximately $297,144.00 (interest continues to accrue at approximately $408.16 per day);

    b. An installment payment of $59,040.00 to McPherson, plus interest accrued of approximately $8,856.00 (interest continues to accrue at approximately $12.16 per day);

    c. An installment payment of $1,140,000.00 to MSLTD, plus interest accrued of approximately $171,000.00 (interest continues to accrue at approximately $234.90 per day).

16. Fiore is in breach of its obligations owed to Plaintiffs under the foregoing provisions of the Contract.

17. As a result of Fiore's breaches of its contractual obligations owed under the Contract, Plaintiffs each have suffered damages in amounts to be proven at trial, and they each are entitled to recover interest on the amounts owed to them, respectively, at the annual rate of 7.5% according to the terms of the Contract.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## BREACH OF WRITTEN CONTRACT (AGAINST FIORE)

18. Plaintiffs incorporate by reference the allegations made in the preceding paragraphs as though fully set forth herein.

19. Plaintiffs and Fiore entered into the Contract providing for Fiore to make certain payments to Plaintiffs within certain time periods.

20. Plaintiffs have performed all obligations they owe under the Contract except those obligations that Plaintiffs were prevented or excused from Performing.

21. Fiore is in breach of its payment obligations owed under the Contract, including those set forth in Paragraph 3.A.ii. and in Paragraph 3.B., subparts i., ii., and iii., which are cited above.

22. Fiore has no legal defenses to paying the amounts owed to McPherson.

23. Fiore has no legal defenses to paying the amounts owed to CanJV.

24. Fiore has no legal defenses to paying the amounts owed to MSLTD.

25. As a result of Fiore's breaches, Plaintiffs each have been damaged in amounts to be proven at trial.

26. Plaintiffs are entitled to recover damages, interest and costs from Fiore.

## SECOND CLAIM FOR RELIEF

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (AGAINST FIORE)

27. Plaintiffs incorporate by reference the allegations made in the preceding paragraphs as though fully set forth herein.

COMPLAINT

28. Under California law, an implied covenant of good faith and fair dealing is owed Plaintiffs under the Contract.

29. Plaintiffs and Fiore entered into the Contract providing for Fiore to make certain payments to Plaintiffs within certain time periods.

30. Plaintiffs have performed all obligations they owe under the Contract except those obligations that Plaintiffs were prevented or excused from Performing.

31. Fiore is in breach of its payment obligations owed under the Contract, including those set forth in Paragraph 3.A.ii. and in Paragraph 3.B., subparts i., ii., and iii., which are cited above.

32. In failing to perform under the Contract, Fiore has breached its implied covenant of good faith and fair dealing, and has failed to deal fairly with the Plaintiffs.

33. Fiore has no legal defenses to paying the amounts owed to McPherson.

34. Fiore has no legal defenses to paying the amounts owed to CanJV.

35. Fiore has no legal defenses to paying the amounts owed to MSLTD.

36. As a result of Fiore's breaches, Plaintiffs each have been damaged in amounts to be proven at trial.

37. Plaintiffs are entitled to recover damages, interest and costs from Fiore.

### THIRD CLAIM FOR RELIEF
### ACCOUNTING (AGAINST FIORE)

38. Plaintiff McPherson incorporates by reference the allegations made in the preceding paragraphs as though fully set forth herein.

39. Fiore has failed to account for its withholding of the payment owed to McPherson under Paragraph 3.A.ii., which was allegedly done pursuant to Fiore's offset rights stated in Paragraph 10 of the Contract.

40. Consequently, McPherson is unable to discern whether Fiore properly exercised its offset rights set forth in Paragraph 10 of the Contract, or whether some

or all of the payment provided under Paragraph 3.A.ii. is due and owing to McPherson.

41. Plaintiff McPherson anticipates that Fiore may also attempt to claim offset rights under Paragraph 10 of the Contract against some or all of the payment owed to McPherson under Paragraph 3.B.ii. Again, absent an accounting, McPherson will be unable to discern whether Fiore is properly exercising its offset rights provided under Paragraph 10 of the Contract.

42. Due to the nature of the parties' contractual relationship, the payments owed, and the contractual offset rights that may apply, as well as the fact that Fiore is in sole possession of the information demonstrating its application of its offset rights affecting McPherson's contractual rights to payment, Fiore is obligated to account to McPherson for any and all withholding of payments owed under the Contract.

43. McPherson is entitled to an order and judgment requiring Fiore to render an accounting to her for any offsets that Fiore has applied under Paragraph 10 of the Contract, and to pay McPherson any amounts that were improperly withheld, along with interest accruing thereon.

## FOURTH CLAIM FOR RELIEF
## DECLARATORY RELIEF (AGAINST FIORE AND DOE 1)

44. Plaintiffs incorporate by reference the allegations made in the preceding paragraphs as though fully set forth herein.

45. The Contract arises in connection with the settlement of an underlying litigation matter pending in Santa Barbara Superior Court, in which HCB Financial Corp. intervened and filed a Notice of Lien on January 29, 2019, against McPherson in the amount of approximately $2,037,304.96.

46. The Notice of Lien was based on a judgment entered in the United States District Court for the Southern District of Mississippi. That judgment has been paid in full, and a Satisfaction of Judgment was filed by HCB Financial Corp. in that action on January 12, 2021 (attached hereto as Exhibit A.)

47. Based on the Satisfaction of Judgment, Plaintiffs contends that Fiore has no basis to withhold any payments owed to Plaintiffs on the basis of the Notice of the Lien. Under Paragraph 3.A.ii. of the Contract, as amended by the parties' written stipulation, HCB Financial Corporation has no right to seek the payments owed to McPherson under the Contract once an acknowledgment of satisfaction of the underlying Mississippi judgment has been provided.

48. Upon information and belief, Fiore disputes Plaintiff's position. Notwithstanding the Satisfaction of Judgment (Exhibit A), Fiore contends or may contend that the Notice of Lien provides a basis either for Fiore to withhold some or all of the payments owed to Plaintiffs.

49. Upon information and belief, HCB Financial Corp. recognizes that it is not entitled to interfere with McPherson's right to receive payment from Fiore. To the extent that McPherson learns otherwise, however, McPherson reserves the right to name HCB Financial Corp. as the "Doe 1" defendant to this action.

50. Plaintiffs seek a declaratory judgment that the Notice of Lien is of no effect and invalid, that it should be fully released, and that it provides no legal basis for Fiore to withhold payments owed to Plaintiffs and no legal defense to Fiore to avoid paying amounts owed to Plaintiffs under the Contract.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

51. That a judgment for money damages is entered in favor of each one of the Plaintiffs against Defendant Fiore, including, without limitation, for the amounts they each are owed under the Contract;

52. That Defendant Fiore be ordered to render an accounting for any amounts withheld from McPherson;

53. For a declaratory judgment determining that the Notice of Lien is of no effect and invalid, that it should be fully released, and that it provides no legal basis

for Fiore to withhold payments owed to Plaintiffs and no legal defense to Fiore to avoid paying amounts owed to Plaintiffs under the Contract.

54. For costs of suit;

55. For attorney's fees to the extent recovery is permitted by law; and

56. For such other relief as may be available.

Dated:  February 5, 2021				MULLEN & HENZELL L.L.P.

					By: _____
					Jared M. Katz
					Attorneys for Plaintiffs
					Lee McPherson; Canndescent JV, LLC now known as Can JV, LLC; and MSLTD, LLC

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1 of the United States District Court for the Central District of California.

Dated:  February 5, 2021				MULLEN & HENZELL L.L.P.

					By: _____
					Jared M. Katz
					Attorneys for Plaintiffs
					Lee McPherson; Canndescent JV, LLC now known as Can JV, LLC; and MSLTD, LLC

G:\24578\0003\PLEAD\NQ3116.DOCX