UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01086-CAS-MAAx | Date | March 18, 2021 |
| Title | LEE MCPHERSON ET AL V. FIORE MANAGEMENT, LLC ET AL | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) – ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

On February 5, 2021, plaintiffs Lee McPherson, Canndescent JV, LLC and MSLTD, LLC filed this action against defendant Fiore Management, LLC, alleging claims for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) accounting, and (4) declaratory relief. Dkt. 1 ("Compl."). Plaintiffs allege that defendant has breached the parties' January 19, 2019 Settlement Agreement and Release, resolving a matter filed in Santa Barbara Superior Court, by failing to timely make settlement payments to each of the plaintiffs. Id. ¶¶ 14-16.

Plaintiffs alleges that the Court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Id. ¶ 5. Diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds . . . $75,000 ... and is between . . . [c]itizens of different States." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(a)(1)). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." Johnson, 437 F.3d at 899. "Like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." Id.

Here, plaintiffs allege that plaintiffs McPherson and Canndescent JV, LLC are citizens of Texas and plaintiff MSLTD, LLC is a citizen of Louisiana for purposes of diversity jurisdiction. Compl. ¶¶ 7-9. Plaintiffs further allege that defendant Fiore Management, LLC is a citizen of California and, as such, that complete diversity exists in this case. Id. ¶10. However, plaintiffs Canndescent JV, LLC and MSLTD, LLC and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01086-CAS-MAAx | Date | March 18, 2021 |
|---|---|---|---|
| Title | LEE MCPHERSON ET AL V. FIORE MANAGEMENT, LLC ET AL | | |

defendant Fiore Management, LLC are each LLCs, and, based on the record, the Court is unable to determine whether each LLC's members are citizens of diverse states such that complete diversity exists.  For example, it appears from the record that defendant Fiore Management, a California LLC, may be a current or former member of plaintiff Canndescent JV, a Texas LLC.  See id.  To establish diversity jurisdiction pursuant to 18 U.S.C. § 1332(a)(1), plaintiffs must therefore demonstrate that the citizenship of each member of plaintiffs Canndescent JV, LLC and MSLTD, LLC is diverse from the citizenship of each member of defendant Fiore Management LLC.

Accordingly, plaintiffs are hereby **ORDERED TO SHOW CAUSE** on or before April 1, 2021 why the instant action should not be dismissed for lack of subject matter jurisdiction.

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |